95 F.3d 1154
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Ethel ROUNDS, Plaintiff-Appellant,
v.
CITY OF CHICAGO, et al., Defendants-Appellees.
 No. 96-1790.
 United States Court of Appeals, Seventh Circuit.
 Argued Aug. 7, 1996.
Decided Aug. 22, 1996.
 
 Before POSNER, Chief Judge, and COFFEY and EASTERBROOK, Circuit Judges.
 
 Order
 
 1
 Two officers of the Chicago police force arrested Ethel Rounds on March 18, 1993. After the charges were dismissed in state court, Rounds filed this action under 42 U.S.C. § 1983 against the two officers; a further claim against the City rests on state law and depends for its success on the claim against the officers. The district court granted summary judgment to the officers, concluding that they had probable cause to make the arrest.
 
 
 2
 The district court's explanation of the reasons for that action is almost all that needs to be said. On one subject we offer a brief extension. Rounds contends that the district judge should have considered statements in her affidavit, even though the statements (about a conversation between Mildred Bufford and one of the arresting officers) are hearsay. As the district court observed, Rounds could have taken Bufford's deposition to obtain admissible evidence. Rounds says that this was not practical, because she lacks the resources to pay the costs of a deposition. But the rules of hearsay (and the standards of Fed.R.Civ.P. 56) do not yield to claims of cost or inconvenience. It is common for counsel to advance the costs of preparing a case; the contingent-fee system has been quite successful in enabling impecunious litigants to present their claims. Prevailing parties in litigation under § 1983 also recover costs under 28 U.S.C. § 1920, plus attorneys' fees under 42 U.S.C. § 1988. These means of finance and reimbursement make us unwilling to bend the rules of evidence and civil procedure.
 
 
 3
 Defendants are entitled to prevail, and to avoid the further costs and travail of litigation, if the record at the time of a motion for summary judgment would not support a verdict in the plaintiff's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-51 (1986); Celotex Corp. v. Catrett, 477 U.S. 317 (1986). The district court properly determined that this record could not support a verdict for Rounds. See Gramenos v. Jewel Companies, Inc., 797 F.2d 432 (7th Cir.1986).
 
 AFFIRMED